IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM LEVINS *and* KYLA LEVINS, Plaintiffs, | ) ) ) ) | |
| v. | ) | CIVIL ACTION NO. 1:23-00082-KD-N |
| | ) | |
| KALEB WALTON *and* PROGRESSIVE SPECIALTY INSURANCE COMPANY, Defendants. | ) ) ) ) | |

## REPORT AND RECOMMENDATION

This civil action is before the Court on the "Motion to Remand" filed March 30, 2023, by the Plaintiffs, William and Kyla Levins (individually, "William" and "Kyla;" collectively, "the Levinses") (Doc. 10). The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (4/24/2023 electronic reference notation).[1]

In accordance with the Court's briefing schedule (*see* Doc. 12), Defendant Progressive Specialty Insurance Company filed a response in opposition to the motion (Doc. 16), and the Levinses filed a reply to the response (Doc. 17). Briefing is now closed, and the motion is under submission. (*See* Doc. 12). Upon due consideration, the undersigned finds that the Levinses' motion to remand (Doc. 10) is

---

[1] On April 12, 2023, the Levinses and Progressive filed joint consent to having a magistrate judge conduct all proceedings in this action in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (*See* Doc. 15). However, because additional Defendant Kaleb Walton has, to date, never answered or otherwise appeared, and because nothing in the record indicates that Walton has consented to having this case decided by a magistrate judge, the Court lacks the consent of "all parties" to have a magistrate judge conduct all proceedings. *See* Fed. R. Civ. P. 73(a).

due to be **GRANTED**, such that this action is due to be **REMANDED** for lack of subject-matter jurisdiction.

### I. *Background*

The Levinses commenced this case on September 28, 2022, by filing a civil complaint with the Circuit Court of Mobile County, Alabama. (*See* Doc. 5-1, PageID.188-193). The complaint alleged several tort causes of action against Defendant Kaleb Walton and various fictitious defendants arising from an automobile accident involving the Levinses and Walton, and also included a claim against the Levinses' insurer Progressive for underinsured motorist benefits. The complaint demanded an unspecified amount of monetary damages against the defendants.

Progressive filed its answer to the complaint on October 25, 2022. (*See id.*, PageID.208-209).[2] That same day, Progressive served its first set of written discovery requests on the Levinses. (*See* Doc. 5-1, PageID.210-218). That set included the following six requests for admission under Alabama Rule of Civil Procedure 36:

> 1. The amount in controversy in this matter exceeds the sum of $75,000.00 exclusive of interest and costs.

---

[2] The Levinses filed an amended complaint on December 14, 2022, which did not add any new named parties or demand a sum certain in damages. *See* (Doc. 5-1, PageID.80-85). That first amended complaint, filed in state court prior to removal, appears to be the current operative complaint in this action. *See* Ala. R. Civ. P. 15(a) ("Unless a court has ordered otherwise, a party may amend a pleading without leave of court, but subject to disallowance on the court's own motion or a motion to strike of an adverse party, at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires.").

2. This case satisfies the "amount in controversy" requirements of 28 USC § 1332.

3. You are seeking an award of more than $75,000.00 to satisfy all of the claims stated in your complaint.

4. You will accept more than $75,000.00 in compensatory and punitive damages, plus interest and costs of court.

5. There is evidence which supports an award of damages in this case exceeding $75,000.00 including compensatory and punitive damages.

6. The proper measure of damages, if any, exceeds $75,000.00 inclusive of all claims for compensatory and punitive damages.

(*Id.*, PageID.212-213).

The Levinses served responses to Progressive's interrogatories and requests for production contained within its first set of discovery requests on January 16, 2023. (*See* Doc. 5-1, PageID.295; Docs. 5-2, 5-3). It is undisputed that the Levinses did not serve responses to the requests for admission within 30 days of being served with them, and there is no indication in the record that the state circuit court granted additional time to do so.[3] On February 10, 2023, still apparently having received no responses to its requests for admission from the Levinses, Progressive filed a motion that they be deemed admitted due to lack of a timely response. (*See* Doc. 1-2, PageID.124-126).

---

[3] *See* Ala. R. Civ. P. 36(a) ("Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within thirty (30) days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney…").

On February 13, 2023, the Levinses filed and served their "Response in Opposition to Progressive[]'s Request for Admissions," which argued that Progressive's requests were improper under Alabama Rule 36. (*See id.*, PageID.127-131). The response also noted that "on February 11, 2023 Plaintiffs extended an offer to settle their UM/UIM claims for the total sum of $74,999.99." (*Id.*, PageID.130). The state circuit court set a hearing on Progressive's motion to deem for February 24, 2023, but continued it to March 23, 2023, on the Levinses' motion. (*See id.*, PageID.132-134).

That hearing ultimately did not occur, as Progressive removed the case to this Court under 28 U.S.C. §§ 1441(a) on March 8, 2023, alleging diversity of citizenship under 28 U.S.C. § 1332(a) as the sole ground for subject-matter jurisdiction.[4] (*See* Doc. 1). Two days later, Progressive amended its notice of removal (*see* Doc. 5) in response to a court order directing Progressive to sufficiently allege its own citizenship (Doc. 3).[5] On March 30, 2023, the Levinses moved to remand the case to state court. *See* (Doc. 10); 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at

---

[4] *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal…containing a short and plain statement of the grounds for removal…").

[5] Because the amended notice of removal reproduces the entire original notice as amended, the undersigned will hereinafter refer only to the amended notice (Doc. 5).

any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## II. *Analysis*

The Levinses argue that Progressive's removal was untimely, and that regardless Progressive cannot meet its burden of showing that § 1332(a)'s requisite minimum amount in controversy is satisfied. Upon due consideration, the undersigned disagrees with the first argument, but agrees with the second.

### a. Timeliness of Removal

A notice of removal generally must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).[6] However, subject to certain inapplicable exceptions, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

In their motion to remand, the Levinses argue that "Progressive's Notice of Removal is untimely" because: "Progressive relies heavily on the[ir January 16, 2023] discovery responses as proof that the amount in controversy exceeds

---

[6] When there are multiple defendants, each defendant has "30 days after receipt by or service on that defendant of the initial pleading or summons…to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B).

$75,000.00. Yet, Progressive waited fifty-one (51) days after receipt of the discovery before filing its Notice of Removal." (Doc. 10, PageID.363). This argument, however, ignores the fact that Progressive's notice of removal clearly asserts that the triggering "other paper" on which it based removal under § 1446(b)(3) was the Levinses' "Response in Opposition to Progressive[]'s Request for Admissions" served February 13, 2023. (*See* Doc. 5, PageID.185 ("Here, the Plaintiffs' responses to Defendant's Request for Admissions were served on February 13, 2023, which would permit under the Rules removal until March 15, 2023."))._7_ Moreover, since the Levinses themselves have argued that their January 16 discovery responses are insufficient to prove amount in controversy, they cannot in the same motion also assert that those responses constitute the "other paper from which it m[ight] first [have] be[en] ascertained that the case is one which is…removable." 28 U.S.C. § 1446(b)(3). Because the Levinses have presented no argument that removal under § 1446(b)(3) cannot be based on their February 13 filing, they have forfeited any claim to remand based on that argument. "[T]he timeliness of removal is a procedural defect[,] not a jurisdictional one[,]" *Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1329 (11th Cir. 2010) (per curiam), and procedural defects in removal are forfeited if not raised within 30 days of removal. *See, e.g.*, *Shipley v. Helping Hands Therapy*, 996 F.3d 1157, 1160–61 (11th Cir. 2021), *cert. denied*, 211 L. Ed. 2d 568 (Jan. 18, 2022) ("[B]ecause Shipley did not file a motion to remand based on a procedural defect within the 30-day time limit required by the statute—Shipley forfeited any

---

[7] Progressive's response brief reiterates that it considers the Levinses' February 13 filing to be the triggering "other paper" supporting removal under § 1446(b)(3), and the Levinses do not address the timeliness issue at all in their reply brief.

procedural objection to removal."). Accordingly, their motion to remand is due to be denied as to their claim of untimely removal.

b. **Amount in Controversy**

Where, as here, a case is removed from state court, "[t]he burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999). *Accord, e.g., City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411 (citation omitted).

Diversity jurisdiction requires, *inter alia*, that "the matter in controversy exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 & n.4 (11th Cir. 2010). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). *Accord Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014) ("when a defendant's assertion of the amount in controversy is challenged…, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied"); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *found inconsistent with prior*

*precedent on other grounds by Cohen v. Off. Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000) ("[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75],000 jurisdictional requirement.").

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams*, 269 F.3d at 1319. "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation…" *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). A court may consider "evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations" when addressing amount in controversy. *Id.* at 754.

"What counts is the amount in controversy at the time of removal. It is less a prediction of how much the plaintiffs are ultimately likely to recover, than it is an estimate of how much will be put at issue during the litigation; in other words, the amount is not discounted by the chance that the plaintiffs will lose on the merits." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citation and quotation omitted). *See also, e.g., Pretka*, 608 F.3d at 751 ("A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the

time of removal, not later."). But "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754.

Additionally, in general "[s]ection 1332(a)'s amount in controversy requirement does not allow the claims of multiple plaintiffs to be aggregated to reach the jurisdictional threshold, and the claims of at least one of the individual plaintiffs must exceed the amount in controversy threshold for the court to assert jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1198 n.31 (11th Cir. 2007) (citation omitted). *See also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1262 (11th Cir. 2000) ("Generally, if no single plaintiff's claim satisfies the requisite amount in controversy, there can be no diversity jurisdiction."). "[T]here are situations in which multiple plaintiffs have a unified, indivisible interest in some common fund that is the object of litigation, permitting them to add together, or 'aggregate,' their individual stakes to reach the amount in controversy threshold." *Morrison*, 228 F.3d at 1262 (citing *Zahn v. International Paper Co.*, 414 U.S. 291, 295, 94 S. Ct. 505, 38 L. Ed. 2d 511 (1973) (" 'When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount.' " (quoting *Troy Bank of Troy, Ind. v. G. A. Whitehead & Co.*, 222 U.S. 39, 40-41, 32 S. Ct. 9, 56 L. Ed. 81 (1911)))). However, "the presence of a 'common and undivided interest' is rather uncommon, existing only when the defendant owes an obligation to the group of plaintiffs as a group and not to the individuals severally." *Id.* Courts

will " 'allow aggregation only in those situations where there is not only a common fund from which the plaintiffs seek relief, but where the plaintiffs also have a joint interest in that fund, such that if plaintiffs' rights are not affected by the rights of co-plaintiffs, then there can be no aggregation....In other words, the obligation to the plaintiffs must be a joint one.' " *Id.* at 1263 (quoting *Eagle Star Ins. Co. v. Maltes*, 313 F.2d 778, 781 (5th Cir. 1963)).[8]

Moreover, "[t]he general rule with respect to the aggregation of the claims of a plaintiff against two or more defendants is that where a suit is brought against several defendants asserting claims against each of them which are separate and distinct, the test of jurisdiction is the amount of each claim, and not their aggregate. Claims against two or more defendants can be aggregated for the purpose of attaining the jurisdictional amount, as a general proposition, if they are jointly liable to the plaintiff." *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961) (citations and quotation omitted). *Accord Morrison*, 228 F.3d at 1263 n.7.[9]

---

[8] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.' " *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

[9] No party explicitly argues for or against aggregation in their briefing. Rather, both sides appear to assume the Levinses' claims can be aggregated for purposes of establishing amount in controversy. Nevertheless, the Court is obliged to address the propriety of aggregation *sua sponte* because amount in controversy is an essential element to establishing the Court's subject-matter jurisdiction over this case. *See, e.g.*, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

In this case, the Levinses do not have a "common and undivided interest" in their claims against Walton, the fictitious defendants, or Progressive, such that their claims can be aggregated to meet the requisite amount in controversy. Additionally, each Levins's claims against Walton and the fictious defendants (jointly, "the tortfeasors") cannot be aggregated with those against Progressive, because Progressive is not "jointly liable" with the defendants accused of causing the subject accident. *See Ex parte Barnett*, 978 So. 2d 729, 734 (Ala. 2007) (declining "to treat a UM insurer as a joint tortfeasor"). Accordingly, Progressive must show that the claims of either William or Kyla, against either Progressive or the tortfeasors, more likely than not exceed the jurisdictional minimum.[10] Neither Levins's claim for underinsured motorist benefits against Progressive does so, as Progressive admits (and the Levinses do not dispute) that the subject insurance policy only provides up to $50,000.00 of coverage to each plaintiff. (*See* Doc. 5, PageID.180-181). Accordingly, establishing amount in controversy falls to the claims against the tortfeasors.[11]

In support of diversity jurisdiction, Progressive relies significantly on its October 25 state-court requests for admission concerning amount in controversy, to which the Levinses were deemed to have admitted under the Alabama Rules of Civil Procedure due to their failure to timely object or otherwise respond to them. Subject

---

[10] "[I]f the claims of a single plaintiff meet the jurisdictional threshold the court may assert supplemental jurisdiction over additional plaintiffs' claims…" *Lowery*, 483 F.3d at 1198 n.31 (citing *Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546, 559, 125 S. Ct. 2611, 2620, 162 L. Ed. 2d 502 (2005)).

[11] While not itself determinative, the Levinses' February 11, 2023 settlement demand letter offering to jointly "settle the[ir] lawsuit against Progressive Specialty Insurance Company" for $74,999.99 is further evidence that the claims against Progressive do not meet the jurisdictional minimum. (Doc. 10-1, PageID.365). *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) ("While [a] settlement offer, by itself, may not be determinative, it counts for something.").

to inapplicable exceptions, matters for which admissions are requested are deemed admitted by operation of Alabama Rule of Civil Procedure 36 "unless, within thirty (30) days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter…" Ala. R. Civ. P. 36(a). [12] "Any matter admitted under [Alabama Rule 36] is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Ala. R. Civ. P. 36(b). *See also Evans v. Ins. Co. of N. Am.*, 349 So. 2d 1099, 1102 (Ala. 1977) (Alabama Rule 36 "provide[s] that the admission made in response to the request 'is conclusively established' unless (1) there is a motion for amendment or withdrawal of the admission, and (2) the trial court grants that motion."). The Levinses do not claim, nor does the record indicate, that the state circuit court either granted them additional time to respond to Progressive's requests for admission, or permitted them to withdraw or amend those admissions prior to removal. Thus, the Levinses were deemed to have admitted to Progressive's requests after the time to respond to them expired in late November 2022, and their tardy objections served February 13, 2023, did not change that state of affairs.[13]

---

[12] Progressive's February 10 motion to deem its requests admitted therefore appears to have been unnecessary.

[13] The Levinses' objections argued that Progressive's requests involved matters not properly subject to admission under Alabama Rule 36. Even assuming the merits of those objections were sound, the Levinses were required to serve them within 30 days of being served with Progressive's requests in order to avoid admission by operation of Alabama Rule 36. The Levinses have cited no authority, and there is nothing in the text or commentary to Alabama Rule 36, indicating that a request for admission can be considered "void at the outset" simply because it involved a matter outside the scope of Rule 36. In effect, that would excuse parties from responding to

However, "[t]he scope and effect of admissions…is a matter for determination by the trial court, in the exercise of its broad discretion." *Johnson v. DeSoto Cnty. Bd. of Comm'rs*, 204 F.3d 1335, 1341 (11th Cir. 2000). *See also Pontius v. State Farm Mut. Auto. Ins. Co.*, 915 So. 2d 557, 561 n.3 (Ala. 2005) ("Cases interpreting the Federal Rules of Civil Procedure can be persuasive authority in construing the Alabama Rules of Civil Procedure because of the similarities between the Alabama rules and the federal rules."). For instance, in *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264 (11th Cir. 2003), the defendant failed to respond to a request for admission that the plaintiff "had 'suffered general damages in an amount not less than $2,000,000.00 as a result of the facts and circumstances set forth in the Complaint.'" 317 F.3d at 1265. At a subsequent default-judgment damages hearing, the plaintiff "took the position that [the defendant]'s failure to respond to its Request for Admission conclusively established its entitlement to $2,000,000 in damages…" *Id.* The district court, however, rejected that position, and the Eleventh Circuit affirmed, finding no abuse of discretion. *Id.* at 1266. The Eleventh Circuit explained:

> In this case, the Request for Admission asserted an amount that was not based on any specified fact; there was nothing in the Request for Admission or Complaint that established, or even suggested, facts that

---

requests for admission simply on the grounds that a request is objectionable, which is inconsistent with the rule's requirement that requests for admission must be timely responded or objected to so as to avoid "default" admissions.

However, the undersigned also rejects Progressive's argument that the Levinses' untimely objections were "evasive answers" that should have been construed against them. Rather, the objections raised only an issue of law. While the undersigned does not opine on their ultimate merits, the Levinses' arguments in support of their objections are facially substantive and at least plausible, and Progressive has cited no authority indicating the objections were patently frivolous. Moreover, the law of this circuit is clear that "a refusal to stipulate [to amount in controversy] standing alone does not satisfy [a defendant]'s burden of proof on the jurisdictional issue." *Williams*, 269 F.3d at 1320.

supported a concrete, actual damage amount. Damages resulting from defamation, unlike liquidated damages, may range from nominal to significant amounts. We cannot say it is an abuse of discretion for a trial judge to conduct an evidentiary hearing when the amount of damages is uncertain and speculative. A court has an obligation to assure that there is a legitimate basis for any damage award it enters, and to assure that damages are not awarded solely as the result of an unrepresented defendant's failure to respond to a Request for Admission that may allege a completely unreasonable or speculative amount of damages with no factual basis…[C]f. *Brook Village North Assoc. v. General Elec. Co.*, 686 F.2d 66, 73–75 (1st Cir. 1982) (holding that defendant's failure to respond to a request for admission that included letters detailing reparation costs conclusively established damages).

*Id.*[14]

Similar to the "obligation to assure that there is a legitimate basis for any damage award" noted in *Anheuser Busch*, when, as here, "jurisdiction is premised on the diversity of the parties, the court is obligated to assure itself that the case involves the requisite amount in controversy." *Morrison*, 228 F.3d at 1261. Indeed, the Court's obligation to assure itself of a sufficient factual basis for subject-matter jurisdiction is arguably stricter than its obligation to assure a sufficient basis for damages. Without subject-matter jurisdiction, "the court is without power to do anything in the case[,]" *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013); therefore, "it is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction…" *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. Feb. 23, 1981) (per curiam). Moreover, as "[s]ubject matter

---

[14] Relying on *Johnson* and *Anheuser Busch*, a judge of the U.S. District Court for the Northern District of Alabama has found that deemed admissions similar to the ones at issue here did "not clearly and unambiguously withstand the concrete evidence that [the plaintiff's] claim does not exceed" § 1332(a)'s requisite minimum amount in controversy. *White v. Nat'l Fire & Marine Ins.*, No. 5:17-CV-01170-HNJ, 2019 WL 2206443, at *5 (N.D. Ala. May 22, 2019) (Johnson, M.J.).

jurisdiction is conferred and defined by statute[, i]t cannot be created by the consent of the parties..." *Morrison*, 228 F.3d at 1261.[15]

Like the request for admission in *Anheuser Busch*, Progressive's requests here "asserted an amount that was not based on any specified fact[, and] there was nothing in the Request[s] for Admission or Complaint that established, or even suggested, facts that supported a concrete, actual damage amount." Additionally, each of Progressive's requests asks for a general admission to the aggregate amount in controversy on all claims against all defendants together, but as explained above, the Levinses' claims against Progressive cannot be aggregated with those against the other defendants, nor can the Levinses aggregate their respective claims together, to reach amount in controversy here. Under the circumstances of this case, the undersigned declines to accept the Levinses' deemed admissions here as conclusive of amount in controversy, and will instead look to the pleadings and record evidence to determine whether there is a sufficient evidentiary basis.

The Levinses' complaint alleges various claims for negligence and wantonness against the tortfeasors, and demands both compensatory and punitive damages from those defendants, as well costs and interest. The Levinses specifically allege that they were "caused to suffer the following damages" as a result of the accident:

---

[15] "While parties may not stipulate to jurisdiction," it is true that "they may stipulate to facts that bear on this Court's jurisdictional inquiry." *United States v. Gruezo*, 66 F.4th 1284, 1290 (11th Cir. 2023) (per curiam) (quotation omitted), *cert. denied*, No. 22-7893, 2023 WL 6378461 (U.S. Oct. 2, 2023). However, a request deemed admitted solely by a failure to timely respond cannot fairly be considered a stipulation. *See Stipulation*, Black's Law Dictionary (7th ed. 1999) ("[a] voluntary agreement between opposing parties concerning some relevant point"). Moreover, as with admissions, "the scope and effect of stipulations[] is a matter for determination by the trial court, in the exercise of its broad discretion." *Johnson*, 204 F.3d at 1341.

> a) Physical injuries and were made sick, sore, lame, bruised and contused, continuing in the future;
>
> b) Incur medical expenses, including medicine, physicians' fees and hospital fees, continuing in the future;
>
> c) Temporary and/or permanent disability, continuing in the future;
>
> d) Lost wages and/or income, continuing in the future;
>
> e) Physical pain and suffering, continuing in the future;
>
> f) Mental anguish; and
>
> g) Damages to the Plaintiff's, WILLIAM LEVINS, vehicle.

(Doc. 5-1, PageID.189-190).[16]

The parties agree that, per the Levinses' discovery responses served January 16, 2023, William had incurred $4,293.91 in medical expenses from the accident, and Kyla $10,421.25. Additionally, William reported that his vehicle, valued at $38,000, was "totaled" due to the accident. However, the Levinses argue that, after accounting for medical insurance payments, William incurred only $450.00 in out-of-pocket medical expenses, and Kyla only $2,797.43. (*See* Doc. 10, PageID.359 (citing, "collectively," Doc. 10-4)). Additionally, by letter dated December 6, 2022, their medical insurer has asserted subrogation claims against William for $842.28, and against Kyla for $3,194.44. (*See* Doc. 10-2, PageID.366). Thus, the Levinses argue, the actual amount of medical expenses in controversy is only $1,292.28 for William, and $5,991.87 for Kyla. In an affidavit, William further asserts that he is only seeking $5,306.94 for the loss of his truck, since Progressive already paid

---

[16] No party argues, nor does the undersigned find, that the requisite amount in controversy is facially apparent from the complaint. *See Williams*, 269 F.3d at 1318, 1320 (holding that amount in controversy was not "facially apparent" from similar complaint).

$32,693.06 for loss of the vehicle prior to the filing of the present lawsuit. (*See* Doc. 10-5, PageID.389-390). Progressive does not substantively dispute the Levinses' argument that those lower figures should be deemed the actual amounts of medical expenses and property damage in controversy (i.e., $5,991.87 for Kyla, and $6,599.22 for William).

Moreover, while Progressive points out that both Levinses seek lost wages, it admits that those damages were indeterminate at the time of removal, and it has presented no evidence as to what their value might be or suggesting that either plaintiff's lost wages significantly increases the amount in controversy. On the other hand, the Levinses point to their interrogatory answers stating that they make between $13 and $16 an hour at their jobs, and that both missed time from work "immediately following the accident" and "to attend medical appointments in the months thereafter (Doc. 1-3, PageID.143; Doc. 1-4, PageID.152). Particularly given the low amounts of medical expenses and property damage at issue, *see supra*, these answers do no suggest that either Levins's claim for lost wages bring the value of their claims substantially closer to the jurisdictional minimum.

Progressive correctly points out that "[w]hen determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (per curiam) (citations and footnote omitted). No party has argued that punitive damages are unavailable against the tortfeasors in this case. However, the mere presence of a demand for punitive damages, without further elaboration, does not sufficiently prove § 1332(a)'s minimum amount in controversy, *see Williams*, 269 F.3d at 1318

(holding it was "not facially apparent" from complaint seeking "general damages, special damages, and punitive damages in unspecified amounts" for injuries sustained in a trip-and-fall "that the amount in controversy exceeds $75,000"); *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014) (per curiam) (unpublished) ("a mere conclusory allegation that the jurisdictional amount has been satisfied is insufficient to establish jurisdiction" (citing *Williams*, 269 F.3d at 1319-20)); *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1247–48 (10th Cir. 2012) ("As a general matter, punitive damages may be considered in determining the requisite jurisdictional amount. But this does not mean that a defendant's mere use of the words punitive damages automatically justifies the removal of a case on the theory that punitive damages in some unspecified amount may be possible." (citation and quotations omitted)), and Progressive's briefing does not offer any evidence or argument as to why punitive damages more likely than not push the amount in controversy over the jurisdictional minimum, especially considering the relatively small compensatory damages at issue, *supra*. *See Rae v. Perry*, 392 F. App'x 753, 756 (11th Cir. 2010) (per curiam) (unpublished) ("Viewed objectively, the complaint and supporting documentation filed with the notice of removal indicate that Rae sought $20,000 in compensatory damages on all counts together. Perry failed to present evidence that showed by a preponderance of the evidence that the compensatory and unspecified damages in the complaint, including *punitive damages* and attorneys' fees, alone or combined, met the jurisdictional amount. Perry's calculations were based on his own speculation, and therefore, were not objectively reasonable." (emphasis added)).

Even considered as a whole, Progressive's evidence and argument fail to convincingly show by a preponderance of the evidence that the amount in controversy more likely than not meets or exceeds § 1332(a)'s jurisdictional minimum. Because this Court therefore lacks subject-matter jurisdiction under § 1332(a), and because no other basis for subject-matter jurisdiction has been alleged or is apparent, the Levinses' motion to remand is due to be granted as to their claim of lack of subject-matter jurisdiction.

### III. *Conclusion*

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that the Levinses' motion to remand (Doc. 10) be **GRANTED**, such that this civil action be **REMANDED** to the Circuit Court of Mobile County, Alabama, under 28 U.S.C. § 1447(c) for lack of subject-matter jurisdiction.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to

object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **12th** day of **December 2023**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**